NEW-YORK,
May, 1806.

Waring
v.
Warren.

## Waring *against* Warren.

*A party is not bound to produce a paper, unless the opposite party has given him notice for that purpose. The declarations of a tenant, or party in possession are never received in evidence in support of his title; aliter, if against the interest of the person making such declarations.*

THIS cause came before the court on a writ of *error*, from the *common pleas*, or Mayor's court, of the city of *New-York*.

An action of *trover*, for certain goods and chattels, had been prosecuted in the court below, by the defendant in error, against the plaintiff in error. The defendant below pleaded the general issue, and a verdict was found for the plaintiff. From the *bill of exceptions*, tendered by the defendant below, signed and sealed by the judge, the following facts appeared. On the trial, one *Gilbert*, who was a deputy-sheriff, was sworn as a witness, and proved, that in 1798, by virtue of an execution, directed to the sheriff of the city and county of New-York, he took the goods and chattels of one *Stephen Nocus*, and sold them at auction, at which sale, the plaintiff became the purchaser of the goods, corresponding with the description of those claimed by the plaintiff, and which were specified in a paper produced by the witness. The witness or sheriff made a copy from the paper, which contained an account of the articles purchased by the plaintiff, and a receipt, which was

delivered to the plaintiff. The witness was then asked what were the contents of that paper? The defendant's counsel objected to the question, on the ground, that the plaintiff ought to produce the paper itself, or show it to be lost. This objection was overruled by the court below, who permitted the witness to give evidence of what the paper contained. The goods in question were proved to have been in possession of Mrs. *Nocus*, who was the wife of *Stephen Nocus*, and the mother of the plaintiff, from the time of sale, until she intermarried with the defendant — The plaintiff then offered to prove that Mrs. *Nocus*, previous to her marriage with the defendant, had repeatedly declared that the goods in question belonged to the plaintiff, and were not her own. This was objected to on the part of the defendant, but was admitted by the court. The defendant then offered to prove that Mrs. *Nocus* had at other times, before, and since her marriage with the defendant, acknowledged that the goods were her own property, and did not belong to the plaintiff; but this evidence was overruled by the court. It was also proved that the plaintiff, after purchasing the goods, delivered them to Mrs. *Nocus*, his mother, as a loan for her accommodation.

It appeared that Mrs. *Nocus* married the defendant in *December* 1800, and the goods in question, were soon after removed from her house to that of the defendant, where they have remained to the present time. The defendant's wife died in *June* 1804, and the plaintiff brought his suit the *October* following.

The particular errors assigned were. 1. That the parol evidence of the written paper ought not to nave been admitted. 2. The evidence of the declarations of Mrs. *Nocus*, made previous to her marriage was improperly received. 3. The testimony offered by the defendant, ought not to have been rejected.

*Woods*, for the plaintiff in error. The witness referred to a paper, or written instrument, delivered to the plaintiff, and it must therefore be presumed to be in his pos-

session. The general rule on this subject is, that no *parol* evidence of a written deed or instrument, in existence, and in the power of the party, will ever be received, but the original must be produced. This rule cannot be dispensed with, unless the original is shown to have been lost, or in the hands of the adverse party, who has refused to produce it, on notice given him, for that purpose. The reason of the rule is too obvious to need any argument or illustration. The instrument is higher and better evidence, and by its production, further light might have been thrown on this case.

Mrs. *Nocus* was no party to the suit, but a third person, and the declarations of a third person, can never be admitted as evidence against the party. Yet the court, after allowing the plaintiff to give evidence of her declarations at one time, refused to permit the defendant to give evidence of what she had declared at another. If what she said at one time was proper evidence, her declarations at another time, in relation to the same transaction, must be equally proper. At any rate, the evidence offered by the defendant was material, in order to show, that the subsequent declarations of Mrs. *Nocus*, contradicted those made by her at a former period, and thereby to diminish the credit which might be attached to them.

*Evertson*, contra. The paper mentioned by the witness, was in fact a mere memorandum of the sale, which he held in his hand to refresh his memory. The original was an inventory of the goods taken by the witness previous to the sale, and which was before the court. The paper in question was an extract, or *copy* from that inventory, of such articles as were purchased by the plaintiff, with a mere receipt at the bottom. Why require the production of a *copy*, when the *original* was before the court?

Mrs. *Nocus* had married *Waring*, who thus derived a title to the goods from her, and which he held adversely to *Warren*, from whom Mrs. *Nocus* derived her right. It is precisely the same as if the action was against Mrs. *Nocus*. In her declarations made prior to her marriage, she was disinterested in saying the property belonged to her son; but

subsequently, she must be considered as interested. The declarations of a party holding adversely, are never received to support the title under which he claims ; though they may be received, when against it.† 2 *Term*, 53, *Davies* v. *Pearce*. 1 *Espinasse's cases*, 458, *Walker* v. *Broadstick*.

[SPENCER, J. In actions of ejectment that rule is constantly adopted.]

*Per Curiam.* It was not necessary to produce the paper. It was sufficient for the plaintiff to show that he had purchased the goods at auction. It was a paper with which the defendant had nothing to do, and which the plaintiff was not bound to produce. If the defendant wished it, he ought to have taken the proper steps for that purpose, by giving notice to the opposite party to produce it, or that *parol evidence* would be given of its contents. The objection was properly overruled. The court below were also right, in rejecting the evidence offered by the defendant, of the declarations of Mrs. *Nocus* made subsequently to her marriage, for she was then interested to maintain her own possession, and to support her title.

Judgment affirmed.