NEW-YORK,
May, 1815.

ROGERS AND-ROGERS *against* VAN HOESEN AND OTHERS.

ROGERS
v.
VAN HOESEN.

IN ERROR, on *certiorari*. The plaintiffs below declared generally for goods sold, &c. and on a special contract, by which the defendants engaged to take, at a certain price, all the herring which might be caught in the plaintiff's net for the season; and from the evidence it appeared that the fish were to be delivered at the *Fly* or at the dock at *Catskill;* that the plaintiffs caught a quantity of fish at the *Fly*, and the defendants not being there to receive them, they were carried to the dock at *Catskill*, and there kept until they spoiled; but no notice had been given to the defendants of the fish being there. It further appeared from the evidence that the contract was in writing, but it was not produced: and when evidence was offered by the defendants to show that the contract was in writing, the justice overruled it; and judgment was given for the plaintiffs below.

*Where it appears from the evidence in a cause, that the contract on which the action was brought was in writing, the plaintiff is bound to produce it; or if it were in the possession of the opposite party, he cannot give parol evidence of its contents without having previously given notice to produce it.*

*Where the place in which the goods are to be delivered is in the option of the seller, he is bound to give the vendee notice where he intends to deliver them.*

*Per Curiam.* The judgment must be reversed. It appearing from the examination of the plaintiffs' witnesses, that the contract upon which they relied was in writing, they were bound to show it: or, if in the possession of the opposite party, notice to produce it should have been given, before the parol evidence was admitted. It is fairly to be inferred from the return that this objection was taken, though it is not distinctly stated in terms.

But there is another and fatal objection to the recovery upon the contract as proved. The fish were to be delivered to the defendants, at the *Fly*, or at the dock at *Catskill*. The place of delivery being at the election of the plaintiffs, they were bound to give notice to the defendants of such place, and that the fish were ready to be delivered; and there is no pretence that this was done. The fish were, therefore, lost through the negligence of the plaintiffs, and it would be manifestly unjust to throw this loss upon the defendants.

*Judgment reversed.*