KING *v.* WILKINS.

Ordinarily, declarations of one who is not a party to the suit, and who might be made a witness, are not admissible in evidence; but in a suit for the recovery of personal property, such declarations of a vendor, made while in the possession of the property sold, and before the sale, as would be evidence against himself, are also admissible against his vendee.

Thus, in a replevin suit against a sheriff, the admission of an execution-defendant, made while in the possession of the property levied on, that it belonged to the plaintiff in replevin, and was held under him by hiring, is admissible in evidence.

The vendor of personal property cannot set up title against creditors of the vendee whose demands originated while the property was in the possession of the latter.

APPEAL from the *Vigo* Circuit Court.

DAVISON, J.—Replevin by *King* against *Wilkins*, to recover one wagon and two horses alleged to have been taken and detained by the defendant, as sheriff, upon an execution against one *George McWood*. Issues were made and submitted to a jury. Verdict for the defendant, upon which the Court, having refused a new trial, rendered judgment, &c.

The property in contest was sold and delivered by the plaintiff to *McWood*, in *March*, 1850.

Two witnesses, *William H. Stewart* and *Henry King*, testified that they were present at the sale; that *Mc Wood* gave his promissory notes to the plaintiff for the purchase-money, and that it was then agreed that the wagon and horses should remain the property of the plaintiff until paid for. In *August*, 1851, the plaintiff demanded the property of *Mc Wood*, who promised to return it, but failed to do so.

The executions by virtue of which the wagon and horses were seized, were issued on the 18th of *September*, 1851, and were at that date delivered to the sheriff, and on the 22d of that month, levied on the property.

Two other witnesses, *John* and *William Burton*, testified that in a conversation which they had with the plaintiff in *September*, 1851, he stated that he sold the horses and wagon in controversy, to *Mc Wood*, and took his notes therefor, one for 90 dollars and the other for 100 dollars; that his object in taking two notes was, that he might sue before a justice of the peace; and that *Mc Wood* had paid nearly all of one of the notes in timber, in hauling, and in hay.

During the trial, the plaintiff offered to prove by a competent witness, that *Mc Wood*, the execution-defendant, in *August*, 1851, while in possession of the property, and before the execution was issued, stated in the presence of the witness, that he was hiring the wagon and horses of the plaintiff, and was to pay him for the use of them. The Court refused to admit the evidence.

Ordinarily, the declarations of one who is not a party to the suit, and who could himself be made a witness, are not admissible. It is, however, well settled, that such declarations of a vendor, made while in possession of the property sold, and before the sale, as would be evidence against himself, are also admissible against his vendee. Cowen and Hill's Notes to Phil. Ev. vol. 3, p. 278. And it has been decided that the admission of a defendant in execution, made while in possession of a slave levied on, that it belonged to the claimant, and was held under him by hiring, are admissible in evidence in a *claim suit* against the plain-

tiff in the execution. *Webster* v. *Smith*, 10 Ala. R. 429. Mr. *Phillips*, in reference to this subject, says, "With respect to admissions by persons in the possession of chattels or negotiable securities, against subsequent proprietors, which may be thought analogous to privies in estate, it appears to be a rule, that, where a person must recover through the title of another, he is bound by the declarations of the party through whom he claims." 1 Phil. Ev. p. 304. See, also, *Waring* v. *Warren*, 1 Johns. 340.—*Blount* v. *Riley*, 3 Ind. R. 471.—*Abbott* v. *Muir*, 5 *id*. 444.—*Stoner* v. *Ellis*, 6 *id*. 152.

Nov. Term, 1858.

KING v. WILKINS.

These authorities involve a principle which, when applied to the point under discussion, at once shows that the proposed evidence should have been admitted. Here, the defendant claimed to derive title to the wagon and horses through *Mc Wood*, the execution-defendant. While in his possession, he stated that he held them by hiring from the plaintiff, and was to pay for their use. These statements were no doubt legitimate evidence, and the refusal of the Court to allow them to be proved, was, consequently, erroneous.

Further, the plaintiff offered to prove by *John King*, a witness, that the hauling, timber, and hay mentioned in the testimony of *John* and *William Burton*, were fully allowed to *Mc Wood*, in a settlement between him and plaintiff, and that the same were not paid on one of the notes given for the property. This evidence was refused. It should have been admitted, because it was plainly inconsistent with a portion of the testimony given by the *Burtons*, and, to a certain extent, tended to rebut their evidence of the plaintiff's statements.

It is assumed in argument, that the evidence before the jury proved that the sale of the wagon and horses by the plaintiff was conditional—not to become the property of *Mc Wood* until they were paid for—and hence, the finding was unsustained by the proofs. Whether the sale was or was not absolute, was a pure question of fact. Upon that point of inquiry, our conclusions might, in view of the evidence, differ from those of the jury. Still we are not in-

Nov. Term, 1858.

clined to say that there was no evidence upon which the verdict can be sustained. Taking it all together, the jury had some ground for the conclusion that the sale was not conditional.

But the appellee contends that the sale, though it may have been conditional, and, as between its parties, the title may still remain in the vendor, yet the condition is void as to the creditors of the vendee. This position, as a general proposition, is not correct. Against creditors whose demands originated while the property was in the possession of the vendee, so that it might be fairly presumed that a false credit was given him, the vendor cannot, in our opinion, set up title. Otherwise, the property would not vest in the vendor, until the vendee performed the condition. *Hussey* v. *Thornton*, 4 Mass. R. 405, 407.—*Marston* v. *Baldwin*, 17 *id.* 606. But the evidence before us fails to show when the demands of the execution-plaintiffs originated—whether before or after the conditional sale; and as the judgment must be reversed, and the cause remanded, that question of fact may be elucidated upon another trial of the issues.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*A. Kinney*, for the appellant.

*T. H. Nelson*, for the appellee.