## FREDERICK GRIMM *v.* DEIDERICK HAMEL.

Any person present in court, and hearing the evidence of a witness on a trial, is as competent afterwards to testify in respect to what the witness said as the judge who presided.

A judge's minutes of testimony taken upon a trial are not evidence *per se;* and when produced can only be resorted to as memoranda to refresh his memory.

*It seems,* where improper testimony is admitted under objection, and the party objecting afterwards introduces proof of the same state of facts, the objection is thereby waived.

A party is not required to produce papers at the trial unless previous notice has been given him requiring their production; and the fact that he has the papers in court does not operate to dispense with the notice, unless the nature of the case apprises him that they will be necessary on the trial.

The object of the notice is not only to obtain the papers or lay the foundation for secondary evidence of their contents, but also to give the party notified an opportunity to procure testimony to support or impeach them, or to show that no such papers as those called for ever existed.

The proceedings and judgment of a justice, though not technically a record, yet the material facts being in writing must be produced, and parol evidence ought not to be admitted respecting them.

The nature of an action in the Marine Court, or in a justice's court, or the judgment rendered therein, cannot be proven by parol.

APPEAL from a judgment of the Seventh District Court. The appeal rested upon exceptions by the defendant to evidence admitted or rejected at the trial, and which are fully set out in the opinion. Judgment having been given in favor of the plaintiff, the defendant appealed.

*Samuel Jones and George Carpenter,* for the appellant.

*Shaffer, Garvin & Dodge,* for the respondent.

By the Court, HILTON, J.—The complaint in the court below alleged an indebtedness by the defendant to the plaintiff in $250, for moneys paid at the defendant's request, and also for moneys lent and advanced, and goods sold and delivered to him. The

answer was a general denial, and in addition claimed a set-off to the amount of $250 for work, labor and services. Upon the issue thus presented a trial was had, and the justice gave judg-ment for the plaintiff. The defendant appeals, and the grounds of the appeal consist of exceptions taken at the trial to the ad-mission and rejection of evidence by the justice, and these ex-ceptions I propose to examine in the order in which they appear upon the return.

1. Thomas Egan, a witness produced by the plaintiff, testified that on a trial in an action in the Marine Court, brought by the plaintiff in this action against the witness and others, the defend-ant was sworn, and testified to the state of the accounts between him and the plaintiff. That he then and there heard the defend-ant testify that the plaintiff lent him $400, and that he, the de-fendant, owed the plaintiff, on account of such loan, a balance of $190. This evidence was objected to on the ground that the judge's minutes of the testimony should be produced.

The justice very properly overruled the objection. The judge's minutes would not be evidence *per se*, and if produced could not be resorted to but as memoranda to refresh the memory of the judge who made them. *Green* v. *Brown*, 3 Barb. 119; Green-leaf's Ev. §§ 436, 437; *Lawrence* v. *Barker*, 5 Wend. 301; *Feeter* v. *Heath*, 11 Wend. 477. Any person who was present in court and heard the testimony of the defendant, was as competent to testify in respect to what was stated by him as the judge who tried the cause. *Robertson* v. *Caw*, 3 Barb. 410.

2. On the cross-examination of the same witness, Egan, he was asked by the defendant's counsel, " What was the nature of that action ?" The plaintiff objected to this question upon the ground that the record and pleadings should be produced. The justice sustained the objection, and in this I think he was also right; but the objection was obviated by the subsequent admission of evidence on the part of the defendant, showing for what the action was brought.

3. The defendant, being sworn as a witness on his own behalf, testified that he paid the plaintiff the $400 originally borrowed

of him, by giving him a bill of sale of a grocery store in 49th street. The defendant then called upon the plaintiff to produce the bill of sale, or that he be allowed to give parol evidence of its contents. The plaintiff denied ever having any such paper; and added, as a further objection to the admission of such evidence, that no notice had been given to him to produce the paper. The question was then put to the defendant, "What was the consideration expressed on that bill of sale?" This was objected to by the plaintiff, and overruled by the justice.

It is claimed by the defendant that the statement that the plaintiff never had such a paper, dispensed with the necessity of giving the notice to produce it. I do not, however, concur in this view. As a general rule, a party is not required to produce a paper unless the opposite party has given him notice to produce it, (*Waring* v. *Warren*, 1 John. 340; Greenl. Ev. § 560), and proof that the adverse party has the paper in court, does not even dispense with the notice; for the object of the notice is not only to procure the paper, or to lay the foundation for the introduction of secondary evidence of its contents, by showing that the party has done all in his power to procure the original; but also to give the opposite party an opportunity to provide the proper testimony to support or impeach it, or to show that no such paper ever existed. *Doe* v. *Gray*, 1 Stark. R. 225; *Jackson* v. *Woolsey*, 11 John. 453; Greenl. Ev. §§ 561, 562; *Rogers* v. *Van Hoesen*, 12 John. 221; *Gorham* v. *Gale*, 7 Cowen, 739.

The form of the pleadings in this case were not such as would apprise the plaintiff that any paper in his possession would be necessary for the defendant on the trial, (*Hammond* v. *Hopping*, 13 Wend. 505; *Edwards* v. *Bowman*, 1 Sand. S. C. 610), and, indeed, it is difficult to perceive upon what view the evidence was material to the determination of the issue between the parties. The answer was a general denial of indebtedness. No allegation of payment was contained in it, and under the pleadings the justice might very properly have excluded the evidence offered. His decision, therefore, was right. But in addition to this, it appears by the subsequent testimony in the cause that no such

paper ever existed ; that the bill of sale thus spoken of was no other than a chattel mortgage, which it appeared was not in the defendant's possession, and thus, in every aspect of the case, the justice very properly excluded the evidence.

4. The theory of the defence at the trial seemed to be that the plaintiff was paid by accepting a bill of sale of the grocery store referred to, or else that he received from the defendant a mortgage on the store as a security for the amount loaned, and that the action in the Marine Court was to recover the value of the property thus mortgaged, which had been taken by the witness Egan and others, upon an execution against the defendant in this action, and sold as his property. Egan was subsequently recalled by the defendant, to show the result of this trial in the Marine Court, and that the plaintiff recovered therein judgment for the value of the goods thus taken. To this it was objected that the record of the proceedings in the Marine Court should be produced, and that parol testimony was incompetent for the purpose for which it was offered.

As I before stated, the justice properly sustained this objection. In the language of the court in *Posser* v. *Brown*, (11 John. 166): "Though the proceedings and judgment before a justice may not be technically a record, yet the material parts are in writing and ought to be produced. Parol evidence of such proceedings are not the highest or the best evidence in the power of the party, and ought not therefore to be admitted." Such also is substantially the rule stated in Greenleaf's Evidence, (§ 513), and in addition, it may be remarked that the evidence, if admitted, would have been wholly immaterial. At most it would only have shown that the plaintiff had recovered a judgment in respect to property covered by a chattel mortgage given to him as security for the payment of the plaintiff's indebtedness. This fact, if conceded, would not have affected the defendant's liability, or deprived the plaintiff of his right of recovery in this action.

There is no reason whatever for interfering with the decision of the justice, and his judgment should be affirmed.

Judgment affirmed.