## HATCH *v.* PRYOR.

### September, 1867.

*It seems,* that one to whom a promise is made for the benefit of a third person, cannot by releasing the promissor, defeat the right of action of such third person.

If such promise was embodied in a written agreement, parol evidence of it is not admissible, without accounting for the absence of the writing.

Willard Hatch sued Dan Pryor in the supreme court, on his promise to pay a note made by a third person and held by plaintiff. The note was made by Clark Reason, in favor of one Arnold, and was transferred to plaintiff before its maturity. After the making of the note, Pryor, the defendant, for a valuable consideration moving to him from Reason, agreed with Reason, that he, Pryor, would pay the note. In pursuance of this arrangement, and before the note fell due, Pryor informed plaintiff, who then held the note, that he had made such an arrangement, and offered to pay it then, if plaintiff would accept certain property. This offer plaintiff did not accept. After the note fell due he brought this action, relying on the doctrine of Lawrence *v.* Fox, 20 *N. Y.* 268, to hold Pryor liable directly to himself, on the agreement thus made, for his benefit, with Reason.

The main question raised by the defense was whether a release which Reason had given to Pryor from that agreement was effectual to defeat the action. The note was payable one year from its date; and after it had been transferred to plaintiff, and about five weeks before it fell due, Reason, for a valuable consideration, gave Pryor a release from all liability in respect to the note. No notice of this release was given to Hatch.

Upon the trial before a referee, it appeared that the agreement between Pryor and Reason on which the action was

founded was a written agreement; and the writing not being produced, defendant moved that all the parol evidence respecting it be struck out. This the referee refused, and plaintiff excepted.

The referee found the facts above stated.

*The supreme court* affirmed the judgment entered on his report finding that the release was no defense; and defendant appealed to this court.

*J. M. Humphrey*, for defendant, appellant; Cited Lawrence *v.* Fox, 20 *N. Y.* 268, 274.

*Galusha Parsons* for plaintiff, respondent;—Cited Lawrence *v.* Fox, 20 *N. Y.* 268; Hartley *v* Harrison, 24 *Id.* 170.

PORTER, J.—Upon the facts found by the referee, the release executed by Reason would be ineffectual to impair the rights of the plaintiff, but the finding is unavailing to the respondent, as it is based on evidence which should have been excluded. He gave parol proof, on the hearing, of the agreement between the defendant and Reason, on which he relied to establish his right of action. It afterward appeared that the contract was reduced to writing; and the respondent neither produced it nor accounted for its non-production. The referee erred in denying the defendant's motion to strike out the parol proof thus received, and in giving effect to secondary evidence of a promise, embodied in a written contract, the terms of which were unascertained. Dunn *v.* Hewitt, 2 *Denio*, 637; Rogers *v.* Van Hoesen, 12 *Johns.* 221; Jenner *v.* Joliffe, 6 *Id.* 9.

The judgment should be reversed and a new trial ordered, with costs to abide the event of the action.

A majority of the judges concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.