DANIEL McCABE, Appellant, v. Wm. P. BRAYTON, Late
Sheriff, &c., Respondent.

*Principal and Agent—Fraud—Evidence—Credibility.*

Where there is any evidence to sustain the verdict of the jury, or the find-
ing of the referee, this Court cannot review his or their determination.

Action to recover possession of certain dry-goods which the
Plaintiff claimed as his property, and which he claimed he had
delivered to one Carroll, as agent, to sell on Plaintiff's account,
and for his benefit.

The Defendant claimed that the goods were the property of
Carroll, and made title thereto in himself under an execution is-
sued out of the Supreme Court, against Carroll, which he, as
Sheriff, had levied upon said goods.

The cause was referred, and, upon trial before the referee, it
appeared that a store was kept at Cohoes, in the name of the
Plaintiff, in which dry and fancy goods, principally furnished by
the Plaintiff, had been kept for sale, for several years prior to the
levy, and that the store was attended, and the business transacted
by Carroll, acting as agent for the Plaintiff, as he claimed.   The
question of fact litigated was, whether the goods were furnished
by the Plaintiff, to be sold by Carroll, as his agent, or whether
they were sold by Plaintiff to Carroll; and the claim, that he re-
ceived them as agent, to sell for the Plaintiff, was a mere device
to enable Carroll to defraud his creditors.

The referee found for the Defendant, and ordered judgment
for him; which was affirmed, upon appeal, by the Supreme
Court, from which the Plaintiff appealed to this Court.   Several
exceptions were taken to rulings of the referee upon the admissi-
bility of evidence, and also to the finding of facts.   The facts
upon which the questions arise will be found in the opinion.

*Samuel Hand* for Appellant.

*J. F. Crawford* for Respondent.

Grover, J.—The referee found that the goods in question, at the time of the levy thereon by the Defendant, were the property of Carroll. This finding determined the case in favor of the Defendant. The exceptions taken by the Plaintiff thereto only raise the question, in this Court, whether there was any evidence to sustain it.

In the Supreme Court the question thus presented was different. The latter Court were to inquire whether the finding was against the weight of evidence, and, if so, to reverse it.

The case shows there was evidence in support of the finding. The proof shows that the business had been carried on for several years prior to the levy ; that goods were, from time to time, at the request of Carroll, sent by the Plaintiff to the store ; that an account of the goods, at wholesale prices, was kept by the Plaintiff, who resided and kept a store in New York; that money was from time to time sent by Carroll to the Plaintiff, and an account of such moneys also kept ; that no other accounts were kept between the parties ; that from time to time these accounts were looked over, and balances struck ; that Carroll had the entire charge of the business, and paid his family and other expenses from the proceeds of the sales of the goods, of which no account was kept, and no reference thereto found in looking over the accounts kept by the Plaintiff and Carroll.

This evidence tended to show that the real transaction was a sale of the goods by the Plaintiff to Carroll, as found by the referee ; and, as above remarked, this Court, in this case, cannot examine the evidence to determine its weight.

The exceptions taken to the rulings of the referee, upon the competency of evidence, must be determined by an examination of the entire evidence in the case. Many of these exceptions were taken to the admission of evidence introduced with a view to show fraud between the Plaintiff and Carroll, as to the creditors of the latter, before the Defendant had put himself in a position to attack the title of the former upon that ground. These exceptions were, at the time, primâ facie, well taken ; but the Defendant afterwards proved the judgment, and execution issued

thereon against Carroll, and the levy by him upon the goods in question.

This, by showing his right to attack the title of the Plaintiff, upon the ground that it was fraudulent as against the creditors of Carroll, took away the objection, so far as it depended upon that.

The Defendant had the right to prove the assignment by Carroll to Lyndon, made in 1854, and the purchase of the goods assigned by the Plaintiff, of Lyndon, who paid the nominal consideration upon such purchase, and what was done with the goods after such purchase. These facts, while they did not establish fraud between Carroll and the Plaintiff, were proper to be taken into the account, in determining the nature of the dealings between the Plaintiff and Carroll, to show whether the Plaintiff, at that time, was establishing a business of his own at Cohoes, to be conducted for his own benefit and upon his own account, or whether he was acquiring the nominal title to the goods and business, while the real title and interest remained in Carroll.

The same answer is applicable to the exceptions to proof given of the business transacted by Carroll and the Plaintiff subsequent to this purchase, and of the mode of conducting such business. It was competent, upon cross-examination of Carroll and the Plaintiff, to inquire what they had testified to, upon previous occasions, as to the business, so far as the same tended to affect the credibility of the evidence given by them in the case upon trial, and, in case they were unable to state how they did testify, to ask, hypothetically, if they testified in a given way, whether it was true. This the witness might answer, or not, as he chose; and when he had testified that he did not recollect, it would have been error to compel an answer to the hypothetical question.

The examination is allowable merely as a mode of determining the credibility of the witness. If the witness answered he did not recollect how he testified, but if he did testify as supposed it was true, it would be error to receive evidence that he did in fact so testify, as proof of the fact. That would be determining the issue, not upon the proof given in the case, but upon testimony

given in other proceedings. Evidence of what a witness swore to on previous occasions is admissible only upon the question of his credibility.

But asking the hypothetical question, and receiving the voluntary answer of the witness, to test his credibility, is not error. It does not appear that anything more was allowed by the referee upon the present trial. Evidence of debts owing by Carroll, and of compositions made by him with creditors, during the time the business was carried on between him and the Plaintiff, was competent.

It tended to show a motive on his part for adopting the mode of conducting his business with the Plaintiff, as claimed by the Defendant.

Crawford finally testified, that he knew that all the minutes of previous testimony of the Plaintiff and Carroll, read by him, were correctly taken at the time they were taken.

This placed such minutes upon the same footing as though wholly taken by him. The exception upon that ground was not well taken.

The motion to strike out the evidence of Crawford, showing what the Plaintiff and Carroll had testified to upon previous occasions, was properly denied.

The motion embraced the entire testimony given by the witness showing this. As to the witness Carroll, a portion of such testimony was competent and a portion incompetent.

The same remark is applicable to his testimony showing that of Plaintiff. The motion should have been restricted to the incompetent portions, and then its denial would have been error.

The judgment appealed from should be affirmed.

All affirm.

JOEL TIFFANY,
State Reporter.