KAHN v. NEW YORK EL. R. CO. et al.

(Common Pleas of New York City and County, General Term.    April 10, 1893.)

1. EMINENT DOMAIN—VALUE OF EASEMENTS.
   The easements pertaining to land abutting on a street, which are taken by the construction of an elevated railroad in the street, have in themselves only a nominal value, aside from any damage to the land from the taking. Bookman v. Railway Co., (N. Y. App.) 33 N. E. Rep. 333, followed.

2. SAME—PROOF OF DAMAGE
   Evidence that the rents received by plaintiff before the construction of defendants' elevated railroad in the street on which plaintiff's property abuts were greater than those received after the road was constructed is sufficient to sustain a finding of damage to the fee and rental value of plaintiff's property.

Appeal from judgment on report of referee.

Action by Herman Kahn against the New York Elevated Railroad Company and another. From a judgment in favor of plaintiff, defendants appeal. Reversed.

The action was to restrain the operation and maintenance of a branch of the elevated railroad running in front of plaintiff's premises, No. 306 East Thirty-Fourth street, between First and Second avenues, in the city of New York, and for damages. The judgment granted the relief prayed for, unless within 90 days the defendants paid $2,500, assessed as damages to the fee value of the premises caused by the railroad. Damages for loss of rents were allowed ($2,168) from October, 1882, to March 10, 1892.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

R. L. Maynard, for appellants.
J. Aspinwall Hodge, for respondent.

DALY, C. J.    The referee was requested by the defendants to find as a fact that the easements pertaining to the plaintiff's lands taken for the uses of the railway, aside from any damage to the land from the said taking, have in themselves only a nominal value. This was refused, and the defendants excepted. It was error to refuse to find, as requested, as fact, and the error requires the reversal of the judgment. Bookman v. Railway Co., (N. Y. App.) 33 N. E. Rep. 333; Sutro v. Railway Co., Id. 334. The respondent's contention that the refusal to find as requested is immaterial has been discussed in the case of Cook against the same defendants, herewith decided, (22 N. Y. Supp. 790,) and the conclusion there reached applies to this case. We assume in so deciding that the printed case shall be taken to be amended, in respect of the request to find under consideration, by the substitution of the word "easement" for "assessment," as there is no disagreement between counsel as to the fact.

If it be proper to express an opinion upon the facts of this case,— and we think it is, because in the Cook Case, above mentioned, we have reversed upon the facts as well as the law,—we feel justified

in saying that there seems to be evidence upon which to base a finding of damage to the fee and rental value of the plaintiff's property. We assume that the finding of $2,168 loss of rentals from October 20, 1888, was intended to be a finding of loss of rentals from October 20, 1882, there being a manifest error in the printed book in respect of the dates; and, as we so understand the finding, the evidence appears to justify it. The referee evidently made due allowance for all the causes which, apart from the injurious effect of the elevated railroad, were claimed to have contributed to prevent that recovery of rents and values in Thirty-Fourth street east of Third avenue, which may be found in other localities. Among such causes was the opening up of an eligible residential neighborhood in the upper part of the city, due to the rapid transit system. But there remains the fact that the maintenance and operation of the road in front of these premises, without benefiting them in the slightest degree, made them undesirable for tenants, and so affected their rental value and their fee value, as indicated by the depreciation of rents. In this case the plaintiff furnishes evidence, which is wanting in the Cook Case, of the rents received before the construction of the road. The difference between the rental obtained before the road was built, and that obtained afterwards, is between two and and three hundred dollars per annum; and, while it is not certain as to which year prior to 1879 the highest rental was received, still the fact is proved, which enables a competent conclusion as to actual loss of values to the plaintiff. Judgment reversed; new trial ordered, with costs to abide the event. All concur.