(7 Misc. Rep. 53.)

### KAHN v. NEW YORK EL. R. CO. et al.

### MOONEY v. SAME.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. ELEVATED RAILROADS—REFUSAL TO FIND VALUE OF EASEMENT
   Refusal to find that the easements of light, air, and access appurtenant to property abutting on a street have in themselves only a nominal value is harmless error where it affirmatively appears that in estimating the consequential damages only a nominal value of such easements was allowed.

2. TRIAL—STRIKING OUT TESTIMONY AS HEARSAY
   A motion to strike out an answer as hearsay is properly denied where the part of the answer objected to is not pointed out.

Reargument. For decisions on the appeals, see 22 N. Y. Supp. 793, 795. For orders granting rearguments, see 23 N. Y. Supp. 1161, mem., and 25 N. Y. Supp. 1137, mem.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

R. L. Maynard, for appellants.

J. Aspinwall Hodge, Jr., for respondent.

BISCHOFF, J. As the evidence and exceptions in the above-entitled actions are substantially alike, these appeals were argued

as one, and they are therefore disposed of by us in like manner. Upon the former argument the several judgments were directed to be reversed for a supposed material error of the referee in refusing to find, at the request of defendants' counsel, that the easements in the street in front thereof and appurtenant to the land affected by these actions possessed only a nominal value apart from the land itself. This was upon the authority of the rulings in the Bookman and Sutro Cases, (137 N. Y. 302, 592, 33 N. E. 333, 334,) which at the time had only been announced. Subsequent decisions of the court of appeals, all of which are referred to in the opinions of the court in the Struthers and Lindheim Cases, (54 N. Y. St. Rep. 785, 788, 25 N. Y. Supp. 81, 85,) clearly point out that the error is a harmless one, and so inoperative for reversal, if, notwithstanding the refusal to find as stated, it affirmatively appears from the record that in estimating the amount of consequential or fee damages the trial court or referee did in fact apply the proper measure of damages, and eliminated from consideration any value of the easements more than nominal. That the referee, in deciding the actions, did not mistake the measure, clearly appears from his thirty-fifth finding of fact, which is as follows in each case: "The permanent value of the premises described in the complaint has been depreciated by the appropriation of the easements of light, air, and access, caused by the road opposite to said premises," to the extent of the sum fixed in the several cases under review, to be paid by defendants as an alternative for the injunctive relief to which the plaintiffs were respectively adjudged entitled. Nothing, therefore, was awarded for the easements themselves, and only the effect of the taking of the easements upon the remaining land was considered. The sufficiency of the evidence in support of the several sums awarded for both fee and rental damages has been heretofore affirmed by us, (Kahn and Mooney Cases, 3 Misc. Rep. 611, 612, 22 N. Y. Supp. 793, 795,) and our further scrutiny only aids to confirm the views already expressed. In the Mooney Case the supposed typographical error in the decision and judgment by which it was made to appear that the past damages were computed from October 20, 1888, the time of the commencement of the action, instead of October 20, 1882, six years prior thereto, which was alluded to in the opinion on the former argument, is obviated by the referee's supplemental report, and the entry of a corrected judgment on January 21, 1893. In the Kahn Case the error remains. The evidence, however, amply justifies plaintiff's recovery for six years prior to the commencement of the action, and the time which elapsed subsequent thereto. Bearing this in mind, the amount awarded is not excessive, and, as the judgment recovered will, in any event, bar plaintiff from successfully claiming past damages for the time anterior to the commencement of the action which the judgment concludes, the date from which the damages are alleged to have been computed is immaterial, and its recital may therefore be treated as surplusage.

In the Mooney Case plaintiff's counsel asked the expert Curtis, "Do you know anything about the sale of 316 prior to the last sale?"

to which the witness responded: "Yes, sir. Not of my own knowledge. They were transferred in 1869 or 1870 for $14,000 or $15,000, —several of the houses. That is from the Real-Estate Record and Guide." Thereupon defendants' counsel moved that the whole answer be stricken out on the ground that the matters testified to were not within the witness' own knowledge, and as hearsay. The exception to the referee's denial of the motion does not present error, for the reason that defendants' counsel should have pointed out the particular part of the witness' answer which was objectionable as hearsay, and confined his motion as to that. The first part of the answer was clearly responsive to the question, and not objectionable on the ground stated. McCabe v. Brayton, 38 N. Y. 196; People v. Beach, 87 N. Y. 508, 512; Tuomey v. O'Reilly, Skelly & Fogarty Co., 3 Misc. Rep. 302, 306, 22 N. Y. Supp. 930. The remaining exceptions appear equally without merit. The judgments should severally be affirmed, with costs.