## DUNN and another *vs.* HEWITT.

Where a bill of sale has been given upon the purchase of personal property, a party making title by virtue of such purchase must produce the writing, and cannot prove the transfer by parol.

Otherwise where a bill of parcels only is delivered by the seller. *Per* JEWETT, J.

And where the existence of the bill of sale was first disclosed on a second cross-examination of a witness who had orally proved the transfer on his direct examination, the parol testimony should be stricken out.

ERROR to the Saratoga common pleas. Sally and Wealthy Dunn sued Hewitt in a justice's court in trespass for a wagon. On the trial it appeared that the defendant took the property as a constable by virtue of an execution from a justice's court against Peter Dunn, the father of the plaintiffs. The plaintiffs made title to the wagon, as follows: Peter Dunn, who formerly owned it, confessed a judgment in favor of one Smith, and it was sold upon an execution on that judgment to Marshall. The plaintiffs claimed to have purchased it of Marshall, and called P. Dunn as a witness to prove, among other things, the fact of such purchase. He testified to the purchase as a matter within his knowledge, and was cross-examined by the defendant. The plaintiffs again examined him, and upon a further cross-examination he disclosed for the first time the circumstance that a bill of sale had been given by Marshall upon the purchase by the plaintiffs. The defendant then moved to strike out so much of his testimony as related to that transaction unless the writing should be produced, on the ground that the written transfer was the only competent evidence of that fact; but the justice refused to expunge it, and the bill of sale was not produced. The justice rendered judgment for the plaintiffs, which the common pleas affirmed on *certiorari*, and the defendant brought error here.

*J. K. Porter*, for the plaintiff in error.

*W. T. Odell*, for the defendants in error.

Dunn *v.* Hewitt.

*By the Court*, JEWETT, J.   The actual possession of the property when the defendant took it under the execution was in Peter Dunn, the defendant in the execution, who was the former owner of it; the plaintiffs therefore were bound to prove *title* to the property.   It is a general rule, that when written evidence of a fact exists, all parol evidence is excluded.   There are, however, exceptions to the rule, such as that written acknowledgments and receipts need not be produced, or their absence accounted for, to admit parol evidence of the transactions which they are designed to evince.   (*Tobey* v. *Barber*, 5 *John.* 72; *Southwick* v. *Hayden*, 7 *Cowen*, 334.)   So a bill of parcels, receipted, of the sale of articles of personal property need not be produced to prove a sale; parol evidence is competent, on the ground that such paper generally amounts to nothing more than a receipt for the price.   (*Blood* v. *Harrington.* 8 *Pick.* 552.)   In this case the question of title in the plaintiffs was directly in issue.   They claimed to have acquired title by contract with Marshall, which was shown to be in writing in the form of a bill of sale, executed by Marshall to the purchaser, and to be in the possession of the plaintiffs.   This was more than an ordinary bill of parcels amounting merely to a receipt for the price.   It might have shown a different transaction than that sworn to by Dunn.   At all events I think that it should have been produced, or its absence accounted for under the general rule, upon parol evidence if the contract was admissible.   (*Bullock* v. *Koon*, 9 *Cowen's Rep.* 30; *Cooper* v. *Morrel*, 4 *Yeates*, 341; *Keely* v. *Ord*, 1 *Dall.* 310; *Curtis* v. *Patton*, 6 *Serg. & Rawle*, 135.)

The next question is, whether the justice erred in refusing to strike out the parol evidence of the contract.   I think he did. It is well settled that whenever it turns out, either on the direct or cross-examination, that a writing exists with regard to a transaction, which the law regards as the best evidence, it must be produced or its absence accounted for.   If this is not done, all inferior evidence that may have been given, will be stricken out and disregarded.   (1 *Cowen & Hill's Notes, p.* 541; *Southwick* v. *Hayden, supra.*)

Judgment affirmed.