### Charles G. Rowe v. James G. Wright.

*Parol evidence to show terms of sale where a written instrument exists.* — An instrument in the following form :
" J. G. W., bought of C. G. R.,
1862, March 24, 1 frame building,'' &c.
" Received payment, $419, C, G. R.," is not conclusive of the terms and conditions of the sale, and does not exclude parol evidence to show that the property mentioned was not to be delivered till paid for in the manner verbally agreed upon at the time of sale.

*Heard April 12th and 13th. Decided April 19th.*

Error to Calhoun Circuit.

The action was replevin. Defendant claimed the property under an instrument in the following form :

" James G. Wright, bought of Charles G. Rowe ; 1862, March 24,  1 frame building,  .  .  .  $300
 1 marble slab, (&c., &c.)
Received payment,  $419  CHARLES G. ROWE."

The plaintiff gave evidence tending to show that this instrument was executed while he was in possession of the property, and upon the agreement and express understand-

ing that he should keep possession of the property until the defendant should assume three certain debts owing by the plaintiff's father, amounting in the aggregate to $383 or thereabouts, and that defendant had assumed or paid but one of them.

The Circuit Judge charged the jury, that the bill of sale, in the absence of any testimony to impair its effect, would have shown a transfer of the title, as it imported a sale of plaintiff's interest. That the plaintiff had urged that this did not embody all the arrangements, and that it was understood that neither the paper nor the property was to be delivered until something else should be done, viz: the assumption of certain debts by Wright. That it was competent for plaintiff to show what the consideration was, but not to contradict the legal effect of the instrument. That as it was not pretended there was any fraud, that by some prior or cotemporaneous verbal understanding, the plaintiff was not authorized to show that the property was not to be delivered till the happening of some event, as this would be inconsistent with the legal effect of the transfer of the instrument in writing, which was delivered as the evidence. To this charge the plaintiff excepted.

The defendant recovered judgment in the court below.

*W. H. Brown*, for plaintiff in error:

A receipted bill of parcels need not be produced to prove a sale; parol evidence is competent, on the ground that such paper generally amounts to nothing more than a receipt for the price: — 2 *Denio*, 638; 7 *Cow.* 334; 8 *Pick.* 552; 5 *Johns.* 72. Nor does a bill of sale embody the preliminaries or the essential terms of the contract in such a way as to exclude parol evidence: — *Picard v. McCormick*, 11 *Mich.* 76.

*C. I. Walker*, for defendant in error:

The rule excluding parol evidence to contradict or vary the terms of a written instrument is applicable to bills of sale, unless there is fraud in the case: — 2 *Stark. Ev.* 6 *Am. Ed.* 550; 2 *Phil. Ev. by Edwards*, 667; 9 *Met.* 87; 3 *T. R.* 413; 1 *Johns.* 414; 9 *Vt.* 285; 15 *Ala.* 317; 12 *Met.* 353; 1 *Wend.* 432; 1 *Dev. & Bat.* 250; 24 *Vt.* 55; 29 *Ala.* 283; 3 *Camp.* 426. *Picard v. McCormick*, 11 *Mich.* 76, was a case of fraud.

CHRISTIANCY J.:

We think the Court below erred in holding the written instrument in question conclusive of the terms and conditions of the sale, and in excluding from the jury the verbal evidence tending to show that the property was not to be delivered till paid for in the manner verbally agreed upon at the time of the sale.

The written instrument was rather a bill of parcels than a bill of sale — little if anything more in substance than a receipt for the price, and subject to the same rules as to the admission of verbal evidence to vary, contradict or explain it. It does not of itself purport to be a conveyance or contract, but is more in the nature of a mere acknowledgment of facts which had already occurred without its aid. It was therefore as much open to contradiction or explanation by verbal testimony, as if the same facts had been proved by verbal testimony: — *Tobey v. Barber*, 5 *Johns.* 68; *Southwick v. Hayden*, 7 *Cow.* 334; *Blood v. Harrington*, 8 *Pick.* 552; *Dunn v. Hewitt*, 2 *Denio*, 637; 1 *Phil. Ev. by Cowen, Hill and Edwards*, p. 587, note 171; *Ibid. vol.* 2 *p.* 672, *note* 494.

In *Hazard v. Loring*, 10 *Cush.* 267, the bill of parcels was precisely the same, both in form and substance, as that in the present case. The plaintiffs offered verbal evidence to prove that the transfer was a pledge and not

an absolute sale, and that the defendant at the time orally agreed to return the goods upon being paid the amount advanced and certain charges. The Court say, "The rule that parol evidence is not admissible to vary, explain or control a written contract, is not applicable to mere bills of parcels made in the usual form, in which nothing appears but the names of the vendor and vendee, the articles purchased, prices affixed, and a receipt for payment. These form an exception to the general rule of evidence, being informal documents intended only to specify prices, quantities and receipt of payment, and not designed or intended to set out the terms and conditions of a contract of bargain and sale. They are in the nature of receipts, and always open to evidence which proves the real terms upon which the agreement of sale was made."

In this view of the law, we entirely concur. We think, therefore, the Court should have permitted the jury to take into consideration all the evidence tending to show the real nature of the whole transaction. The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.