WILLARD HATCH, Respondent, *v.* DAN PRYOR, Appel-
LANT.

*Evidence—Written Contract—Parol.*

When the case shows that the findings of the referee are based upon testi-
mony which was clearly illegal, the party in whose favor such illegal findings
were made cannot avail himself of them to sustain his judgment.

Appeal from the Supreme Court. The complaint alleged that
on the 15th of April, 1858, a note was made by one Clark Rea-
son, and H. Addington, as his surety, for $130, with interest, pay-
able one year from date, to Charles Arnold, or bearer, at the store
of Thompson and Bennett, in Willink; that the note was trans-
ferred by Arnold, the payee, to the Plaintiff; that the Defendant
is indebted to the Plaintiff on the note, in the sum of $130, with
interest; and that such indebtedness originated upon a contract
between Reason, the maker of the note, and Pryor, the Defend-
ant, by which Reason transferred to the Defendant the horses for
which the note was given, and the latter, in consideration thereof,
agreed to pay the note to the Plaintiff, or any one else who might
be holder and owner, and to save Reason harmless from the pay-
ment of the note and costs.

The answer contained a denial of each allegation in the com-
plaint, and averred a release and discharge by Reason from the
alleged agreement.

On the hearing before the referee, the note was read in evidence,
under Defendant's objection, and Reason was called as a witness
for the Plaintiff, and testified in substance that, some time after
he gave the note, he told the Defendant he was much embarrassed
with debt; that the Defendant told him he would take his prop-
erty to pay certain debts, and would pay for the horses; and that
accordingly he let the Defendant have twenty-one tons of hay,
and other property, including the horses for which this note was
given.

On cross-examination of the witness, it appeared that, at the
time this arrangement was made, the bargain was reduced to

writing, and that the property which he let the Defendant have, and the debts which the latter was to pay, were stated in the written agreement. He did not remember whether he signed it himself or not, but he was indebted to the Defendant, and the agreement was drawn up for them by an attorney, and delivered at the time to the Defendant.

A motion was thereupon made to strike out the parol evidence of the agreement between Reason and the Defendant, on the ground that the written contract was the appropriate evidence of such agreement.

The motion was denied, and the Defendant's counsel excepted.

The Plaintiff was then sworn as a witness, and testified, under objection and exception by the Defendant, that the Defendant on one occasion told him that he had made some arrangements with Reason to pay this note, and some other debts, and that he would pay the note if the Plaintiff would take certain property; but, on looking at the property, he declined to take it.

The Defendant proved the execution of a release by Reason from the agreement, so far as it related to the note in question, and the Plaintiff testified that he had no notice of such release.

The Defendant, at the close of the case, renewed his objections to the evidence, and insisted that upon the proof the Plaintiff was not entitled to recover. The referee overruled the objections, and, upon the foregoing proof, found as matter of fact that, in consideration of the sale and delivery of certain property by Reason, the maker of the note, the Defendant agreed to pay it; and that Reason, for a valuable consideration, subsequently released him from the undertaking, without notice to the Plaintiff. He held as matter of law that, under the agreement, the Defendant was liable to the Plaintiff upon the note, and that the subsequent release was ineffectual.

The Defendant excepted to the various rulings of the referee, and appealed to the General Term, where the judgment was affirmed.

*J. M. Humphrey* for Appellant.

*Galusha Parsons* for Respondent.

PORTER, J.—Upon the facts found by the referee, the release executed by Reason would be ineffectual to impair the rights of the Plaintiff. But the finding is unavailing to the Respondent, as it is based on evidence which should have been excluded. He gave parol proof, on the hearing, of the agreement between the Defendant and Reason, on which he relied to establish his right of action. It afterward appeared that the contract was reduced to writing ; and the Respondent neither produced it nor accounted for its non-production.

The referee erred in denying the Defendant's motion to strike out the parol proof thus received, and in giving effect to secondary evidence of a promise, embodied in a written contract, the terms of which were unascertained (Dunn v. Hewitt, 2 Denio, 637; Rogers v. Van Hoesen, 12 Johnson, 221; Jenner v. Joliffe, 6 ib. 9).

The judgment should be reversed, and a new trial ordered, with costs to abide the event of the action.

All the Judges concurring, except Judges HUNT and BOCKES, who expressed no opinion.

Ordered accordingly.