The order of the court below must be reversed.

All the Justices concurring.

WM. B. BARNETT v. RUSSELL M. WILLIAMS.

1. EVIDENCE—*Best must be produced.* In an action for the conversion of personal property, when the plaintiff never having had actual possession, bases his right to recover on an alleged purchase, if it appear that such purchase was concluded in and evidenced by a bill of sale, such bill of sale is the best evidence of the fact and conditions of such purchase.

2. ———— A party to a suit, after testifying in his own behalf to the terms of a contract between himself and a third party, on cross-examination disclosed the fact that the alleged contract was reduced to writing, whereupon the opposite party moved to exclude the parol testimony given by the witness in relation to the terms of such contract, unless the bill of sale were produced: *held,* that the court erred in overruling said motion.

*Error from Doniphan District Court.*

WILLIAMS sued *Barnett* and recovered a judgment for $1,500 for the alleged unlawful conversion of 4,000 bush-

els of corn, which plaintiff claimed to have purchased of Bailey, Weightman & Butts, the contract of purchase being made with Butts. Defendant answered, denying the conversion, and alleging that the corn was the property of Harris, Hutchinson & Co., for whom it had been purchased, and to whom he had delivered it. The question here is upon the competency of the testimony by which Williams sought to establish his ownership of the corn. He testified as a witness in his own behalf, and after stating the fact and terms of his contract with Butts, he was cross-examined. The record shows the following question and answer:

" *Question:* Did you get any delivery-order or bill of sale from Butts at the date of your purchase?

" *Answer:* I got a bill of sale; it is now at home in my safe, at White Cloud."

The defendant moved to exclude the parol evidence given by the plaintiff respecting the terms of his alleged contract, unless he would produce the bill of sale. The court overruled the motion. *Barnett* excepted, and judgment being given against him he now brings the case here, alleging that the district court erred in overruling his motion to exclude the parol evidence.

The briefs of counsel, except upon the question of the competency of the parol evidence given by plaintiff Williams respecting his contract of purchase, after it appeared that a " bill of sale " had been executed, relate to questions which the court decline to discuss or decide, and hence are omitted.

*Lacock & Johnson*, for plaintiff in error.

*F. M. Keith*, and *H. C. Hawkins*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Defendant in error sued plaintiff in error

to recover damages for the conversion of 4,000 bushels of corn. He claimed title by purchase from one of three partners. The fact, the time, the conditions, and the good faith of the purchase, were disputed. He never had actual possession of the corn. There were 6,000 bushels altogether, in two cribs, and there never was any separation of the 4,000 bushels from the remainder. His right to recover rested on proof of a purchase. On trial he testified to the time, the fact, and the conditions of his purchase. Upon cross-examination it was disclosed that a bill of sale had been executed by the vendor to him at the time of sale. Counsel for plaintiff in error thereupon moved to exclude the above testimony unless the bill of sale was produced, which motion was overruled and exception taken. In this we think was error. Where one of the main questions in dispute, the initial point in the case, is an alleged purchase, and it is disclosed that that alleged purchase was concluded in and is evidenced by a bill of sale, all parol testimony should be excluded until the writing is produced. The latter is the best evidence. It may show that the property claimed was not in point of fact included in the purchase, or that it was made at a different time, or that something was to be done before title vested in the purchaser. *Dunn v. Hewitt*, 2 Denio, 637, is a case exactly in point. This was an action before a justice of the peace in trespass for a wagon. "The plaintiffs claimed to have purchased it of Marshall, and called P. Dunn as a witness to prove among other things the fact of such purchase. He testified to the purchase as a matter within his knowledge, and was cross-examined by the defendant. The plaintiffs again examined him, and upon a further cross-examination he disclosed for the first time the circumstance that a bill of sale had been given by Marshall upon the purchase by the plaintiffs."

1. EVIDENCE; the best to be produced.

Barnett v. Williams.

2. —— Motion to strike out parol evidence. A motion was then made to strike out the parol testimony in regard to the purchase, which was overruled and exceptions taken. The supreme court held this ruling error, and reversed the judgment. JEWETT, J., giving the opinion of the court, speaking of the bill of sale, uses these words : ".It might have shown a different transaction than that sworn to by Dunn. At all events, I think it should have been produced, or its absence accounted for, under the general.rule upon parol evidence, if the contract was admissible." See also *Bonesteel v. Flack & Glynn*, 41 Barb. 435 ; *Van Ostrand v. Reed*, 1 Wend, 432. The plaintiff in error was in time with his objection to parol testimony. His motion was made as soon as the fact of a bill of sale was disclosed. We perceive no other error in the admission or rejection of testimony.

Several instructions were asked for by plaintiff in error, some of which were given, and others of them were re-

Instructions; refusal of. fused : but inasmuch as the record fails to show whether the instructions so given are all that were given, it may be that those refused were refused because they had been already once given by the court in his charge.

A good deal is said in the briefs of counsel concerning the rights and title of a commission merchant advancing

Warehouse receipts. money on warehouse or crib receipts. It does not appear satisfactorily from the testimony for what portion of the 6,000 bushels crib receipts were out ; nor whether any were transferred to defendant in error ; nor what became of those which passed into the hands of the commission merchants. Under these circumstances we do not feel like considering the law applicable to such questions, but content ourselves with saying that the

general doctrine laid down in *Gibson v. Stevens*, 8 How., U. S., 397, meets our approval.

The judgment of the court below must be reversed, and a new trial ordered.

All the Justices concurring.