GLEN *et al.* v. HOPE MUTUAL LIFE INSURANCE COMPANY, etc., appellant.

*Insurance — re-insurance of life risks — liability of re-insurer to policy-holder.*

The C. Co. issued policies upon the life of H. to the amount of $15,000. The C. Co. re-insured the life of H. in two other companies for $10,000. Afterward another company, (the H. Co.), for a valuable consideration, re-insured all of the then outstanding policies of the C. Co., subsequent to which H., the person insured, died. *Held*, that the H. Co. were liable to the holders of the policies for the whole amount insured thereby, and that this liability was not affected by the decision of arbitrators in an arbitration between the C. and H. companies, to which such holders were not parties, that the H. Co. was liable upon such policies for $5,000 only.

An agreement by the H. Co., in the contract of re-insurance, to indemnify the C. Co. against losses, did not affect the right of the policy-holders to sue the H. Co. in the first instance.

APPEAL by defendant from a judgment for $15,703.81, in favor of plaintiff entered at Monroe circuit, upon a verdict directed by the court.

On the 11th of November, 1870, the Craftsmen's Life Assurance Company of New York issued three policies upon the life of Joseph F. Hall, in each of which it agreed to pay to the plaintiffs, Francis W. Glen and Milton E. Holton, as trustees for the heirs of Hall, $5,000 in case he died within four years of the date of the policy.

Hall died June 23, 1872, and notice and proof of his death was furnished to the Craftsmen's Assurance Company, June 29, 1872. In November, 1870, the Craftsmen's Assurance Company re-insured the life of Hall in two other companies, the Continental and the Equitable, for $5,000 in each company.

On the 25th of May, 1872, the Craftsmen's Assurance Company entered into an agreement with the defendant, the Hope Mutual Life Insurance Company of New York, by which the latter agreed with the former, for certain valuable considerations, to re-insure it "on all risks of the party of the second part" (the Craftsmen's Company) "for which policies of the said party of the second part are outstanding at this date, and hereby agrees to assure all such policies and to pay the holders thereof all such sums as the parties of the second part may, by force of such policies, become liable to pay, including the dividends declared for the year 1872 on premiums not yet due, the liability for death losses to be limited to such deaths as may occur on and after this date."

On the 12th of September, 1872, the plaintiffs demanded of the defendant the payment of the policies referred to, which it refused.

The amounts re-insured upon Hall's life in the Equitable and Continental were paid by these companies to the Craftsmen's by the first named of the two on the 16th of August, and by the last on the 3d of October, 1872. On the 2d of November, 1872, an arbitration was entered into between the defendant and the Craftsmen's Assurance Company to determine the amounts which each company was liable to pay upon the Hall policies. The arbitrators awarded that upon the agreement the defendant was liable to pay thereupon $5,000 only. The plaintiffs were not parties to this arbitration.

This action was brought to recover the amount due plaintiffs, upon the policies which, it is claimed, defendant is liable to pay under its agreement of the 25th of May, 1872, with the Craftsmen's Assurance Company.

*Samuel A. Noyes*, for appellant, cited *King* v. *Whitely*, 10 Paige, 468; *Ætna Nat. Bank* v. *Fourth Nat. Bank*, 46 N. Y. 82; *Gurnsey* v. *Rogers*, 47 id. 233; *Hastie* v. *De Peyster*, 3 Cai. 191; *Heckenrath* v. *American Mut. Life Ins. Co.*, 3 Barb. Ch. 63; *Hutchins* v. *Miner*, 46 N. Y. 456; *Kelley* v. *Roberts*, 40 id. 432.

*W. F. Cogswell*, for respondent.

TALCOTT, J.   The contract between the Craftsmen's Assurance Company and the defendant was not only a contract by which the defendant agreed to re-insure and indemnify the Craftsmen's company in respect to the policies theretofore issued by it, but it also contained an express agreement on the part of the defendant to pay to the holders of the Craftsmen's policies all such sums as the latter company might, by force of such policies, become liable to pay; and a further agreement to accept from the holders a surrender of the Craftsmen's policies and issue its own in lieu thereof. This agreement was founded on a valuable consideration, and within the case of *Lawrence* v. *Fox*, 20 N. Y. 268, and the subsequent cases following that.   Any policy-holder of the Craftsmen's company might, in case of a liability upon the policy, maintain an action against the defendant upon its contract with the Craftsmen's company.   There is no reason why the liability of the defendant to an action by a policy-holder should be prevented, or in any manner impaired, by the fact that in the same contract the defendant agrees, also, to indemnify the Craftsmen's company against the same liability.   Such an indemnity is the consequence and legal result of the contract to pay the policy-holders, whether expressed in so many words or not.

It is claimed by the defendant that its liability upon the policies issued by the Craftsmen's company upon the life of Joseph F. Hall, which are the subject of this action, has been reduced to $5,000 by reason of the arbitration between the defendant and the Craftsmen's company and the award thereon.   It seems the Craftsmen's company had effected a re-insurance in the Continental and Equitable Life companies to the amount of $10,000 upon the life of Hall, and after Hall's death had received from those companies the amount so re-insured by them.   Thereupon it seems that the defendant claimed of the Craftsmen's company that it (the defendant) was entitled to have the $10,000 so received by the Craftsmen's company for re-insurance applied in exoneration of the defendant *pro tanto* from the liability which it had assumed on the Hall policies.

This the Craftsmen's company denied, and insisted that the defendant must pay the whole $15,000 insured upon the life of Hall, and had no claim to any deduction in consequence of the amount received by the Craftsmen's company for re-insurance.   This controversy between the two companies was by them submitted to arbi-

tration, and the arbitrators awarded that the defendant should pay only $5,000 on the Hall policies.

The plaintiffs were not parties to this arbitration, nor was it assumed by either the Craftsmen's company or the defendant that the plaintiffs or their *cestui que trust* had any manner of interest in the question submitted to arbitration. The case shows that the plaintiffs assented to and accepted the agreement of the defendants on the 12th day of September, 1872, by demanding of them on that day the payment of the amount insured on the life of Hall by the Craftsmen's company. The agreement between the Craftsmen's company and the defendant to arbitrate their controversy was not entered into until November following. It is quite clear that after the party for whose benefit such an agreement is made has accepted and adopted it, and given notice thereof to the party who has assumed the obligation, the original debtor can do no act, even by way of direct release for a valuable consideration, by which the rights of the holder of the obligation can be defeated or prejudiced. Whether any arrangement between the original debtor and the party who has, for value, assumed the obligation to the third person, by which the right of the third person to assume and enforce the contract may be defeated, can be made before the latter has had notice of and assented to the contract by which the obligation to him has been assumed, it is not necessary to decide in this case, and may, perhaps, be considered as a hitherto undecided question.

See *Lawrence* v. *Fox, supra ; Hatch* v. *Pryor*, 3 Trans. App. 317; *Kelly* v. *Roberts*, 40 N. Y. 432. The judgment must be affirmed.

*Judgment affirmed.*