SAMUEL H. E. JENNINGS, as Administrator &c. of John Jennings, Deceased, Appellant, *against* THOMAS OS-BORNE, Respondent.

(Decided June 7th, 1886).

At the trial of an action, testimony on behalf of defendant was admitted, without objection, contradicting a written contract relating to the same transaction, which was afterward introduced in evidence. *Held*, that it was error to refuse a motion subsequently made by plaintiff to strike out all testimony at variance with the written agreement, and a request by him for an instruction to the jury to disregard such evidence.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

The facts are stated in the opinion.

*C. Bainbridge Smith*, for appellant.

*Cantor & Seldner*, for respondent.

BOOKSTAVER, J.—The action was brought on two promissory notes made by defendant; one for $500, dated September 8th, 1884, and the other for $1,000, dated October 18th, 1884, both payable on demand and to the order of plaintiff's intestate.

The answer admits the making of the notes and their delivery to John Jennings, the intestate, and as a defense to each note sets up " that said note has been fully paid long before the commencement of this action."

The action has been twice tried before a jury, and on each trial a verdict was rendered in favor of the defendant.

From the first judgment an appeal was taken to the General Term of the City Court, and a new trial ordered, on the ground that on that trial "the defendant was allowed to prove, under objection and exception, that the intestate had agreed to do certain contract work for $14,500; that he afterwards added $2,000 to the price, which was to come from a Mr. Taylor, who was advancing money on the property; and that this additional $2,000 was to go to the defendant, or was to satisfy notes for that amount, representing moneys loaned by the intestate in his lifetime to the defendant."

"The written contract between the intestate and the defendant called for $16,500; and the oral testimony offered not only contradicted the writing (which, in itself, seems improper), but, what is more objectionable, the facts proved were not pleaded."

Upon the second trial precisely the same evidence, by the same witness, was admitted without objection. But after the written contract was put in evidence, and at the close of the testimony, plaintiff's counsel moved to strike out all testimony at variance with the written agreement, which was granted in part only. Plaintiff's counsel then moved the court to direct a verdict for the plaintiff, on the ground that there was no evidence of payment of any money, which was denied, and plaintiff excepted.

He also requested the court to charge: " 1st. That the jury must disregard the testimony of the witness Dey, as to

the agreement sworn to by him; that the payment was made by the contract of September 15th, 1884, having $2,000 in addition to the $14,500;" and, "2d. That to prove payment there must be a payment in money or its equivalent."

The court refused to charge either request, and plaintiff's counsel excepted.

While it is true that a plea of payment can be supported only by the proof of payment in money or its equivalent, and not by any special arrangement growing out of independent contracts not pleaded, yet, if that were the only difficulty in this case, we think it might be cured under the ample powers of amendment provided by section 723 of the Code of Civil Procedure, especially in view of the fact that plaintiff's counsel allowed the testimony to be given in evidence, without objection, although he must have known of the written contract at the time.

But the learned justice, in denying the motion for a new trial in this action, said the "evidence did in fact contradict the writing, and would, if objected to, be inadmissible," and held that because it was not objected to at the time, it was too late to make the objection afterwards.

This may be granted, but after the written contract was introduced in evidence by defendant, plaintiff's counsel moved to strike out the parol evidence at variance with the contract, which the court refused to do; and he also requested the court to charge the jury to disregard the parol evidence, which it refused to do; and to which refusal plaintiff's counsel excepted.

We think this was error; the parol evidence was given before the written contract was introduced. In *Dunn* v. *Hewitt* (2 Denio 637), parol evidence had been given of the contract, and it afterwards appeared that the agreement was in writing, when a motion was made to strike out the parol evidence, which was denied. On appeal the court said: "The next question is whether the justice erred in refusing to strike out the parol evidence of a contract. I think he did. It is well settled that whenever it turns out either in the direct or cross-examination that a writing exists with

regard to a transaction which the law regards as the best evidence, it must be produced, or its absence accounted for. If this is not done all inferior evidence that may have been given will be stricken out and disregarded."

· In *Southwick* v. *Hayden* (7 Cowen 334), it was held that " though a plaintiff goes through with his proof without objection and rests his cause, if among other things he has proved, by parol, a piece of written evidence which should be produced, it is not too late to object that the writing should be produced." See also *Hatch* v. *Pryor* (2 Abb. App. Dec. 343; 3 Keyes 441).

As before shown, the learned justice admits the parol evidence did in fact contradict the writing. He, however, claims this rule is not inflexible, but has referred to no authority to sustain his position. And we know of none. The contrary doctrine we believe to be fundamental law, and we think there is no exception to it, when the action is between the parties to the contract or their privies (1 Greenleaf on Evid. § 275 *et seq.*; *Boorman* v. *Johnston*, 12 Wend. 566, 573; *Wilson* v. *Dean*, 74 N. Y. 531; *Thorp* v. *Ross*, 4 Abb. App. Dec. 416). The latter case is very instructive, and we think decisive of this.

Many other authorities might be cited in support of our position, but they are unnecessary.

If parol evidence is ever allowed to vary a written contract, it should be when both parties to the contract are alive and can be heard in court, and not, as in this case, when one is dead.

We infer from the evidence that both notes have in reality been paid; if so, some legal means can be found to prove this by reforming the contract, or otherwise; but if there · cannot, it is better that one should suffer by reason of his own negligence in not taking up the notes when paid, than that a rule of law, so well established and salutary, should be violated.

Having arrived at the conclusion that the court erred in refusing plaintiff's first request to charge, it is not necessary

at this time to examine the other questions raised by this appeal.

ALLEN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.