[No. 6035.]

## HERMAN BROTHERS COMPANY v. NASIACOS ET AL.

1. **Interstate Commerce**—Foreign corporations engaged solely in interstate commerce are impliedly excepted from the statute imposing duties and obligations upon foreign corporations generally; otherwise the statute must necessarily be held unconstitutional as invading the exclusive power of congress.—(210)

2. **Statutes Construed**—Secs. 491c, 491f, 491h, 491i, 499, 3 Mills' Rev. Stats. (act of April 6, 1901, secs. 4, 7, 8, 9, 10, Laws 1901, 116), have no application to foreign corporations engaged exclusively in interstate commerce, e. g., a corporation maintaining its business in another state, and dealing through traveling salesmen with merchants in Colorado.—(209, 210)

3. **Demurrer—Partial**—Demurrer to part of an answer sustained.—(209)

*Error to Pueblo District Court*—Hon. JOHN H. VOORHEES, Judge.

Messrs. HARTMAN & BALLREICH, for plaintiff in error.

Mr. WILLIAM B. VATES, for defendants in error.

CHIEF JUSTICE STEELE delivered the opinion of the court:

From the complaint it appears that the plaintiff, a corporation of the state of Nebraska, sold to defendants, through traveling salesmen, certain goods, wares and merchandise of the value of $455.04; that defendants paid on account therefor $155.04, leaving a balance of $300.00, for which plaintiff brought suit in the district court of Pueblo county. It also appears from the complaint that the plaintiff has no office or local agent, or place of business in Colorado, and never did have; that its place of business is now, and during all the time mentioned in the complaint, has been, conducted and carried on at its business house in the city of Lincoln, state of Nebraska, and that the transaction between plaintiff and defendants was one of interstate commerce.

The answer admits the purchase of the goods, and alleges payment in full of all claims and demands on account of the purchase thereof. A further answer avers that the company has not complied with the statutes relating to foreign corporations, particularly with secs. 491c, 491f, 491h, 491i and 499, 3 Mills' Rev. Stats.

A demurrer to the further answer was overruled. The plaintiff elected to stand on the demurrer. Judgment was thereupon rendered for the defendants. From the judgment in favor of the defendants the plaintiff appeals.

Having no jurisdiction to entertain the appeal, it is dismissed, and the clerk is directed to docket the case as pending on error.

The contract between the parties was a transaction of interstate commerce, and it is not within the power of this state to interfere with the business of the Nebraska corporation so long as its transactions in this state are confined to transactions of interstate commerce. It is not doubted that the states may exclude foreign corporations entirely, or that they may exact such security for the performance of their contracts with its citizens as in their judgment will best promote the public interest—*Paul v. Virginia,* 8 Wall. 168; but as congress has the exclusive right to regulate commerce between the states, all statutes imposing duties and obligations upon foreign corporations will be construed as not applying to corporations engaged solely in interstate commerce within the state, for to construe them otherwise would render them unconstitutional and void.

Counsel urged that our statute, which provides that no foreign corporation shall prosecute or defend any suit until it shall have complied with our laws, is not laid against doing business within the state, but is a condition precedent to the use of our local courts. This provision is also inapplicable to a corporation engaged solely in interstate commerce.— *International Trust Co. v. Leschen,* 41 Colo. 299. As the section of the statute invoked to defeat the right of foreign corporations to sue in our courts is not applicable where the contract sued upon is entered into by a citizen of this state, and a foreign corporation, and where the transaction out of which the contract grew is one of interstate commerce, and as the only business within this state in which this corporation was engaged was that of commerce between the state of Nebraska and that of Colorado,

the demurrer to that part of the answer raising the question should have been sustained.

The judgment is reversed and the cause remanded, with directions to the court to hear the cause upon the answer proper.

Decision *en banc.*     *Reversed and remanded.*