[No. 6061.]

THE R. M. DAVIS PHOTO STOCK COMPANY v. PHOTO JEWELRY MANUFACTURING COMPANY.

1. **Evidence — Offer, Part Incompetent —** Where an offer of proof is made, only a part of which is competent, the court may properly reject the whole.—(70)

2. **Evidence—Parol Admissible—**A mere receipt of bill of parcels may be explained, and perhaps contradicted, by parol. Not so as to a bill of sale, which defines the rights and liabilities of the parties.—(71)

Plaintiff transmitted, with a bill of goods, an invoice as follows: "Photo Jewelry Co. sold to R. M. Davis Ph. Co.—Denver, Colo.   Terms net 30 da. Chicago or New York Exchange," followed by a list of the goods. The invoice was accepted with the goods by defendant, without objection. Held, parol evidence that the goods were ordered and received with the understanding that if defendant should be unable to sell them, it might exchange them for others, was inadmissible.—(70-72)

*Appeal from Denver County Court* — Hon. CHARLES McCALL, Judge.

Mr. JOHN T. BOTTOM, for appellant.

Messrs. SKELTON & MORROW, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, a foreign corporation organized under the laws of the state of Illinois, had judgment

against the defendant, a corporation organized under the laws of Colorado, for a balance due upon an account for goods and merchandise ordered by defendant in Colorado and shipped by plaintiff in Illinois and delivered to, and accepted by, defendant in Colorado. The answer admits that defendant ordered and received the goods, the purchase price and the unpaid balance due, as alleged in the complaint. It contains two affirmative defenses: first, that plaintiff, a foreign corporation, had not made compliance with the provisions of the statutes of this state which require a foreign corporation to file certain certificates with designated public officers and pay prescribed fees before it may sue or defend in the courts of this state. The second affirmative defense in substance is that the goods in question were ordered by defendant of plaintiff's agent and received with the express understanding that if defendant should be unable to sell or dispose of them it might return them to plaintiff to be exchanged for other goods to be selected by defendant from plaintiff's catalogue, and that defendant was unable to sell or otherwise dispose of them and so advised plaintiff and asked for a catalogue that it might make the desired selection in exchange, and that plaintiff failed and neglected to furnish the catalogue or make the desired exchange and that defendant holds the goods subject to plaintiff's order.

The points relied upon by defendant for a reversal are that the court erroneously sustained plaintiff's demurrer to its first, and rejected evidence offered to establish its second, affirmative defense. As to the first ground, it is enough to say that this court, in cases involving the precise question, where the transaction was interstate commerce, has determined it adversely to the contention of appellant

here.—*Herman Brothers Co. v. Nasiacos et al.*, 46 Colo. 208.

As to the second ground, we observe first, that the court properly rejected the offer of evidence as made, because it included evidence not within the allegations of the special defense. When an offer of proof is made, some of which is good and some bad, the court is not required to separate the offer and admit the competent, and reject the incompetent, evidence. There is a more substantial reason, however, for sustaining this ruling. When plaintiff received defendant's order for the goods, it sent to defendant a bill, or invoice, of the same in writing, which, so far as is material here is substantially as follows:

"PHOTO JEWELRY MFG. CO.
(Incorporated)

\*      \*      \*      \*      \*      \*

"Chicago, 5-27-05.
"Sold R. M. Davis Ph. Stock Co.
              Denver, Colo.
"Order No. 10339.    Terms Net 30 da.
              Shipped by A. T. & S. Fe.
              Net Cash.
"Book........Chicago or New York Exchange.
              1639 Champa."

(Here follows a description of the goods with their prices.)

This writing, which is according to the custom of merchants, was made out and sent before the goods were shipped by plaintiff, and it was received by defendant a number of days before they reached its place of business at Denver, Colorado, in May, 1905. No objection then, or at any other time until after this action was brought, was made by defendant to plaintiff that the bill did not correctly define the con-

tract of sale.   Defendant does not claim that the transaction was not an absolute sale if it is correctly defined by the bill or invoice.   The objection of plaintiff, which the court sustained, to the offer of defendant to prove its second defense, was that the contract of sale, which was the invoice or bill, being in writing, could not be varied or altered by parol evidence. That the general rule that a writing, which expresses the full agreement of the parties, cannot be varied or added to by parol testimony is applicable to bills of sale, is sustained by practically all the authorities in this country.—17 Cyc., p. 593, *et seq.*   What is sometimes referred to as an exception to the general rule, but which is really in harmony with it, is the case of a writing which is practically a receipt or, as Prof. Greenleaf calls it, a "bill of parcels."   It may be explained and perhaps contradicted.   The correct rule is that in so far as a bill of sale defines the rights and liabilities of the parties it is subject to the same rule as other written contracts.   The application of the doctrine to the two different kinds of instruments is to be found in two decisions of the supreme court of Montana.—*Newell v. Whitwell,* 16 Mont. 243; *Brittain Co. v. Birkenfeld,* 20 Mont..347.   Typical cases showing that a receipt may be explained are *Stacy v. Kemp,* 97 Mass. 166; *Irwin v. Thompson,* 27 Kan. 643; *Rowe v. Wright,* 12 Mich. 289.   In all of these cases the distinction adverted to is clearly pointed out.   Bills of lading, or invoices, have been held open to explanation by parol.   Such instruments, however, were delivered and received after the parol contracts of the parties had been made, and as they purported on their face to qualify the previously made contracts, they were held not binding on the vendee, or shipper, either as not being assented to by him, or as without consideration.—*Mobile and Montgomery Ry.*

*Company v. Jurey*, 111 U. S. Rep.. 584, represents one of this character.

Defendant's contention in argument that the evidence was admissible because the bill or invoice did not include the entire contract of the parties is not tenable. Defendant admits that the bill on its face shows a complete legal obligation and all that was necessary to render it binding upon both parties was its receipt by defendant followed by the delivery and acceptance of the goods. That being so, and defendant having received the bill, and later the goods, without protest or claim that the bill did not state the contract correctly, in the absence of any allegation in the special defense of fraud in entering into the contract, or of a mistake or omission in reducing it to writing, defendant may not now show that other and different terms and conditions were agreed to. Cases quite in point in favor of our conclusion are *Wiener v. Whipple*, 53 Wis. 298; *Harrison v. McCormick*, 89 Cal. 327; a collation of other authorities will be found in 17 Cyc. 607, 647, 716, 721, 741, 746.

There being no prejudicial error in this record, the judgment is affirmed.          *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.