Natalie Meyer Secretary of State 1575 Sherman Street Denver, Colorado 80203
Dear Ms. Meyer:
This is in response to your August 12, 1983 request for an opinion as to whether foreign airline corporations transacting business in this state are exempt from obtaining a certificate of authority.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
1. Do foreign airline corporations fall within the exception set forth in C.R.S. 1973, 7-9-101(3)(i) (Supp. 1982), which provides that a foreign corporation shall not be considered to be transacting business in this state by reason of "transacting any business in interstate commerce?"
 Having reviewed the pertinent statutory provisions and case law, I have concluded the answer is "yes." In my opinion, foreign airline corporations fall within the statutory exception.
ANALYSIS
The right to engage in interstate commerce cannot be regulated or restrained by the state in violation of the commerce clause of the United States Constitution. See, e.g.,Great Atlantic Pacific Tea Co. v. Cottrell,424 U.S. 366 (1976); Heyman v. Hays, 236 U.S. 178, 184
(1915). Accord: Herman Bros. Co. v. Nasiacos,46 Colo. 208, 103 P. 301 (1909); International Trust Co. v.A. Leschen Sons Rope Co., 41 Colo. 299, 92 P. 727 (1907).
Similarly, a state cannot require a foreign corporation, pursuant to state law, to procure a certificate of authority to do business in the state if it is engaged solely in interstate commerce. Eli Lilly Co. v. Sav-on-Drugs,366 U.S. 276, 278 (1961). The fact that foreign airline corporations maintain offices and staff in the state does not affect its status so long as the activities are only incidental to its interstate transactions. See, CementAsbestos Products v. Hartford Accident IndemnityCo., 592 F.2d 1144, 1147 (10th Cir. 1979).[1]
C.R.S. 1973, 7-9-101(3)(i) (Supp. 1982) avoids commerce clause problems by exempting foreign corporations transacting any business in interstate commerce from the state qualification statute. Since a foreign corporation under section 7-9-101(3) is not considered to be transacting business in the state, it does not need to procure a certificate of authority from the secretary of state.
Any foreign airline corporation which carries by aircraft persons or property for hire or compensation in commerce between two states, between places in the same state through airspace outside of the state, or between places in the same territory or possession of the United States shall be considered to be operating in "interstate air commerce." See
49 U.S.C. § 1301(23).
In order to be considered to be operating on an intrastate basis, it appears that the carriage of persons or property must be wholly within the same state. See 49 U.S.C. § 1301(25) and (26). Thus, any foreign airline corporation which flies between states would be flying in interstate commerce and would fall within the exemption of C.R.S. 1973, 7-9-101(3)(i) (Supp. 1982).
SUMMARY
Based upon the foregoing, it is my opinion that a foreign airline corporation which flies in "interstate air commerce" pursuant to 49 U.S.C. § 1301(23), falls within the exemption of C.R.S. 1973,7-9-101(3)(i) (Supp. 1982), and as such, does not need to procure a certificate of authority from the secretary of state as a prerequisite to transacting business in this state.[2]
Very truly yours,
 DUANE WOODARD Attorney General
CORPORATIONS AVIATION
49 U.S.C. § 1301(23)
C.R.S. 1973, 7-9-101(3)(i)
SECRETARY OF STATE DEPT.
Holding that a foreign airline corporation which flies in interstate air commerce falls within the exception to C.R.S. 1973, 7-9-101(3)(i) and need not procure a certificate of authority from the Secretary of State.
[1] This does not mean that foreign airline corporations are exempt from state taxes or service of process. More activity must be found prior to imposing a state qualification statute on a foreign corporation. Cement Asbestos Products Co.v. Hartford Accident Indemnity Co., supra.
[2] This opinion is limited solely to the issue of whether foreign airline corporations must obtain a certificate of authority. It does not relate to the jurisdiction of the state over such corporations in other matters.